## KOELBLE, Admr. v. RUNYAN et.

Ohio Appeals, 4th Dist., Brown Co.

Bagby & Bagby, Georgetown, for Koelble.

Rufus L. & Arthur S. Fite, Georgetown, and Hugh M. Davidson, for Runyan et.

### 516. FEES AND COSTS—473. Estates— 460. Equity—681. Jurisdiction.

MAUCK, J.

1. Where a claim against an estate which is rejected upon a requisition being filed, under Section 10724 et seq., GC., is finally defeated, costs are taxed to the claimant.

2. Where claims against estate is contested by heir filing requisition for rejection with Probate Court, under Section 10724 et seq., GC., and claim is finally sustained, costs are taxed against the requisitor, under 10726 GC.

3. Where claim against an estate which is contested by an heir filing a requisition for rejection in the Probate Court is sustained only in part the costs are awarded against the administrator and the claimant is entitled to his costs.

4. Sections 10724 and 10726 GC,, providing that where a requisition for rejection of a claim against an estate if filed with the Probate Court and plaintiff recovers judgment that costs shall be awarded against persons filing requisition, held applicable only where claim is allowed in full, or at least to such extent as to show that resistance thereto was captious or unwise.

5. Courts of law have no power to tax attorney's fees unless the power is conferred by express statutory authority.

6. A court of equity has the power and duty to allow counsel fees to a party who brings into court a fund which is to be enjoyed in part by others.

7. Equitable issues can be submitted to a jury.

8. The essential character of equitable litigation is not changed by the fact that the case is tried to a jury.

9. In view of 10492 GC., and Art. IV, Sec. 8, Constitution, the Common Pleas Court cannot make an order controlling the distribution of the funds of an estate which are in the custody of the Probate Court.

10. Under Art. IV, Sect. 8, Constitution and 10492 GC., the claim for attorney's fees expended by an heir in contesting with partial success a claim against the estate by filing requisition for rejection in the Probate Court should be presented to the Probate Court for allowance and cannot be allowed by the Common Pleas Court.

11. Allowance of attorney's fees by Common Pleas Court to heir who contested claim against estate with partial success after filing requisition for rejection in Probate Court held void, such allowance being within the exclusive jurisdiction of the Probate Court, in view of Art. IV, Sect. 8, Constitution and 10492 GC.

12. Where an heir filed a requisition for rejection of claim against an estate and contested the claim with partial success, held, that she was entitled to an allowance from the Probate Court for attorney's fees.

(Middleton, J., concurs. Sayre, PJ., not participating.)

For full reference to case, see Omnibus Index, last page, this issue.